UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
for the Use & Benefit of
RAGGIANTI FOUNDATIONS III,
LLC,

    Plaintiff,

v.                         Case No. 8:12-cv-942-T-33MAP

PETER R. BROWN CONSTRUCTION,
INC., ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America's Unopposed Motion to Set Aside Entry of Default (Doc. # 17), filed on May 29, 2012. Plaintiff filed motions for entry of a clerk's default against Liberty Mutual and Safeco (Doc. ## 8, 9) on May 24, 2012, and the Clerk entered default against both Defendants on May 25, 2012 (Doc. ## 10, 11).

In their Motion, Defendants state that their failure to timely respond to the complaint "was not willful, but instead was the result of an inadvertent calendaring mistake." (Doc. # 17 at 3). Defendants assert that they have numerous meritorious defenses to the complaint, and note that they have

already filed their answers and affirmative defenses in response to the complaint. (Doc. ## 13, 14). Defendants contend that, upon learning that the Clerk's defaults had been entered, they acted immediately to vacate the default by filing this motion. Finally, Defendants state that Plaintiff will not be prejudiced if the Clerk's entries of default are set aside, and indeed, Plaintiff does not oppose setting aside the entries of default.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). The Eleventh Circuit has made clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

Some of the factors that a court may consider in determining whether there is good cause shown for setting aside an entry of default include: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party has a meritorious defense. Boron v. West

2

Tex. Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988), aff'd, 869 F.2d 1500 (11th Cir. 1989); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996).

The Court finds that these factors have been met in this case, and good cause for setting aside the Clerk's entries of default has been established by Defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America's Unopposed Motion to Set Aside Entry of Default (Doc. # 17) is **GRANTED.**

(2) The Clerk is directed to set aside the Clerk's entry of default against Liberty Mutual Insurance Company (Doc. # 10) and against Safeco Insurance Company of America (Doc. # 11).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record