UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
for the use and benefit of
RAGGHIANTI FOUNDATIONS III, LLC,

          Plaintiff,

v.                        Case No. 8:12-cv-942-T-33MAP

PETER R. BROWN CONSTRUCTION, ET
AL.,

          Defendants.
_____/

**ORDER**

Now before the Court are Plaintiff Ragghianti Foundations III, LLC's Objections (Doc. # 86) to the July 2, 2013, Order (Doc. # 83) of the Honorable Mark A. Pizzo, United States Magistrate Judge, in which Judge Pizzo granted in part Ragghianti's Fourth Motion to Compel Discovery and for Sanctions (Doc. # 76), but declined to award attorneys' fees and costs to Ragghianti. Ragghianti also objects to Judge Pizzo's decision to grant Defendant Peter R. Brown Construction, Inc.'s ("PRBC") Motion for Extension of Discovery Deadline. (Doc. # 78). Ragghianti filed its Objections on July 15, 2013 (Doc. # 86), and PRBC filed a response in opposition to the Objections on July

29, 2013. (Doc. # 87). Upon due consideration and for the reasons that follow, Ragghianti's Objections are overruled.

## I.   **Background**

PBS&J Constructors, Inc., entered into a construction contract with the United States of America, contracting through the Army Corps of Engineers, on August 16, 2010. (Doc. ## 1 at ¶¶ 8, 10). "Sureties issued a Payment and Performance Bond (no. 6724282) on August 23, 2010 in accordance with [the Miller Act,] 40 USC § 3131[,] naming PBS&J as principal." (Id. at ¶ 11). On January 24, 2011, PRBC "entered into a subcontract with [Ragghianti] to provide the building foundation, slab on grade, miscellaneous concrete and site concrete to the project. . . ." (Id. at ¶ 9; Doc. # 1-1). Ragghianti alleges that although it has demanded payment from PRBC for labor, material, and services provided pursuant to the entities' subcontract, PRBC "has failed and refused to make payment in breach of the Subcontract." (Doc. # 1 at ¶ 19). Ragghianti initiated this Miller Act breach of contract suit against PRBC and against Liberty Mutual Insurance Company and Safeco Insurance Company of America as co-sureties on the Miller Act bonds, on April 27, 2012. (Doc. # 1).

2

On October 22, 2012, Ragghianti filed a Motion to Compel Discovery, seeking better or amended answers to interrogatories from PRBC. (Doc. # 40). On November 19, 2012, Ragghianti filed its Second Motion to Compel Discovery, this time seeking production of records from PRBC and moving the Court to award attorneys' fees and expenses. (Doc. # 43). Judge Pizzo denied both Motions, noting that should PRBC ultimately produce incomplete documents, Ragghianti could file another motion to compel discovery. (Doc. # 47 at 7).

Ragghianti filed its Third Motion to Compel Discovery on April 1, 2013, seeking complete production of PRBC's hardcopy records, electronic discovery, interrogatory answers, and privilege log. (Doc. # 48). Ragghianti also moved the Court for an extension of the discovery deadline and for an award of expenses. (Id.). After conducting a hearing on the Third Motion to Compel, Judge Pizzo denied the Motion without prejudice, ordered the parties to meet with e-discovery vendors, directed PRBC to file a privilege log by June 7, 2013, and scheduled a Rule 16 conference for June 14, 2013. (Doc. # 70). Ragghianti filed no objections to Judge Pizzo's rulings on the first three Motions to Compel Discovery.

Ragghianti filed its Fourth Motion to Compel Discovery (Doc. # 76) on June 12, 2013. In the Fourth Motion to Compel, Ragghianti asserted that PRBC failed to comply with the Court's Orders, rules, and its own assurances regarding answers to interrogatories 9 and 15, and failed to complete hardcopy and electronic production. (Doc. # 76). The Motion also sought sanctions including attorneys' fees and costs, pursuant to Federal Rule of Civil Procedure 37. (Id.).

On July, 2, 2013 – after conducting the Rule 16 conference on June 14, 2013, and after receiving PRBC's response in opposition to the Fourth Motion to Compel Discovery – Judge Pizzo granted the Fourth Motion to Compel Discovery "to the extent that the Defendant is directed to produce all e-discovery, including all outstanding email discovery, on or before July 22, 2013," and denied the Motion in all other respects. (Doc. # 83 at 1). In so ruling, Judge Pizzo denied Ragghianti's request for an award of attorneys' fees and costs. (Id. at 5). In the same Order, Judge Pizzo also granted the Motion for Extension of Discovery Deadlines (Doc. # 78) filed by PRBC on June 18, 2013, stating that the Motion was granted "to the extent that the Defendant shall produce all e-discovery, including all outstanding email discovery, to Plaintiff on or before

July 22, 2013, all depositions [shall] be conducted by August 19, 2013, and the dispositive motion deadline is extended to August 31, 2013."[1] (Doc. # 83 at 1). Ragghianti filed Objections to Judge Pizzo's ruling on July 15, 2013 (Doc. # 86), and PRBC filed a response in opposition to the Objections on July 29, 2013.

## II.  **Legal Standard**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999). A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-

---

[1] On August 26, 2013, the Court extended the dispositive motion deadline to September 23, 2013, and extended the deadline for motions in limine to October 13, 2013. (Doc. # 89).

cv-1354-ORL-19DAB, 2007 WL 2826247, at *1 (M.D. Fla. Sept. 25, 2007).

### III. <u>Analysis</u>

Ragghianti claims that the Magistrate Judge erred both by denying Ragghianti's request for the award of attorneys' fees and costs included in the Fourth Motion to Compel Discovery and by granting PRBC's Motion for Extension of Discovery Deadlines. (Doc. # 86 at 1). Specifically, Ragghianti argues that the Magistrate Judge erred by "[d]etermining PRB[C]'s piecemeal discovery production was justified" and by "[o]verlooking the legal standard in granting PRB[C]'s motion for extension of the discovery deadline." (<u>Id.</u>).

#### A. <u>Denial of Discovery Sanctions</u>

In his Order on the Fourth Motion to Compel Discovery, Judge Pizzo found that "[g]iven the fact that the Defendant's piecemeal discovery production seems *justified* in light of the complications it describes and the ongoing nature of the projects at issue," it was not appropriate to award sanctions in the form of Ragghianti's expenses and fees. (Doc. # 83 at 5) (emphasis added). Ragghianti and Judge Pizzo cite to two different subsections of Federal Rule of Civil Procedure 37 when considering the award of

6

sanctions - Ragghianti cites to Rule 37(a), governing motions for orders compelling disclosure or discovery, while Judge Pizzo cites to Rule 37(b), which addresses failure to comply with a court order – but each subsection carves out a specific exemption for behavior which is "substantially justified." Rule 37(a)(5)(A) states:

> **(A)** If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or **(iii)** other circumstances make an award of expenses unjust.

Rule 37(b)(2)(C) states: "**(C)** Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Judge Pizzo's conclusion that "Defendant's piecemeal discovery production seems justified" (Doc. # 83 at 5) serves as a finding that PRBC's

7

piecemeal discovery production is substantially justified in light of the circumstances of this case.

"Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). District courts have "considerable discretion in managing discovery and determining that reasonable people could differ in the appropriateness of . . . discovery requests." Neumont v. Fla., 610 F.3d 1249, 1253 (11th Cir. 2010) (affirming the district court's decision to grant four motions to compel but to decline awarding sanctions).

To the extent that Ragghianti's Objections restate arguments made in the first three Motions to Compel Discovery in an effort to show that PRBC's piecemeal discovery production is not substantially justified, the Court is not persuaded by Ragghianti's arguments. Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14

> days after being served with a copy. A party may
> not assign as error a defect in the order not
> timely objected to. The district judge in the
> case must consider timely objections and modify
> or set aside any part of the order that is
> clearly erroneous or is contrary to law.

Ragghianti failed to object to Judge Pizzo's denials of the first three Motions to Compel Discovery. Accordingly, while the Court is obliged to review the July 2, 2013, Order for clear error and findings contrary to law, Ragghianti has waived its right to revisit the denials of the first three Motions to Compel. See Ivey v. Paulson, 222 F. App'x 815, 817 (11th Cir. 2007) (noting that failure to timely object to a magistrate judge's ruling "constitutes a waiver of the right to appeal the order").

After thoroughly reviewing the record, the Court concludes that reasonable minds could differ as to the appropriateness of PRBC's piecemeal discovery production. As such, the Court is not left with a definite and firm conviction that the Magistrate Judge has made a mistake. See Ford, 195 F.3d at 617. Although Ragghianti argues that technical complications cannot substantially justify PRBC's piecemeal discovery production because "those alleged complications have been present for months," (Doc. # 86 at 9), PRBC does not deny that its "email production has taken

much longer than anticipated" (Doc. # 80 at 9). Instead, PRBC claims that its discovery process is a "challenging task from a technical perspective" and that it has "expended significant time and expense to uncover all potentially relevant emails" and has also agreed to "revisit e-discovery and . . . run additional email searches" at Ragghianti's request. (Id. at 5, 9-10). Regarding its paper discovery, PRBC points to both the ongoing nature of the construction project (Id. at 7, 10) as well as complications arising from the involvement of third parties (Id. at 6-8) to explain the piecemeal nature of its production.

The Court echoes Judge Pizzo's sentiment and "respect[s Ragghianti's] request for [PRBC]'s discovery responses prior to the depositions, to the extent that is possible." (Doc. # 83 at 5). However, the Court discerns neither clear error nor findings contrary to law in Judge Pizzo's determination that PRBC's "piecemeal discovery production seems justified in light of the complications it describes and the ongoing nature of the project at issue . . . ." (Id.). The Court also notes that Judge Pizzo explicitly held that an award of sanctions "*at this time*" would "be premature," and advised PRBC that it was "on

notice that failure to provide responses to discovery and comply with this Court's orders may result in sanctions." (Id.) (emphasis added). In overruling Ragghianti's Objections to the July 2, 2013, Order, the Court takes no position regarding the appropriateness of awarding sanctions at a later date.

### B. Good Cause to Extend Discovery Deadlines

Federal Rule of Civil Procedure 16(b)(4) states that "A [case management] schedule may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note); see also Weaver v. Mateer & Harbert, P.A., No. 5:09-cv-514-OC-34TBS, 2012 WL 3065362, at *8 n.20 (M.D. Fla. July 27, 2012) (same).

Judge Pizzo found that PRBC's "requests for additional time [were] reasonable in light of the facts set forth in its papers." (Doc. # 83 at 5). While Judge Pizzo did not specifically state that "good cause" existed to extend the deadline, he did outline the various reasons PRBC provided for an extension of the discovery deadline, including

"illness of defense counsel's relative precluding travel to Orlando and requiring cancellation and re-scheduling of two depositions, difficulty scheduling depositions due to several witnesses' limited availability, and Plaintiff's belated production of emails and third party documents." (Id. at 4). After acknowledging that Ragghianti argues PRBC has not been diligent but instead caused the "need for additional time" by "its noncompliance with Court orders, rules and its own promised deadlines" (Id.), Judge Pizzo nevertheless found that PRBC's request for an extension of time was "reasonable" (Id. at 5). The Court finds that PRBC's request was, indeed, reasonable, and that good cause existed to modify the Case Management and Scheduling Order.

"[A] magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery. Palma v. Fla. Neurological Ctr., LLC, No. 5:10-cv-117-OC-34TBS, 2011 WL 6153423, at *2 (M.D. Fla. Dec. 12, 2011). "Under Rule 72(a), the objecting party is obliged to demonstrate that the magistrate judge was clearly wrong . . . ." Dominguez v. Metro. Miami-Dade Cnty., 359 F. Supp. 2d 1323, 1345 (S.D. Fla. 2004) aff'd, 167 F. App'x 147 (11th Cir. 2006). Ragghianti has not carried that burden. After a careful and complete review of Judge Pizzo's resolution of

the Fourth Motion to Compel, the Objections, and the response to the Objections, the Court finds that the Magistrate Judge's decisions not to award sanctions and to grant PRBC's Motion for Extension of Discovery Deadline were neither clearly erroneous nor contrary to law. Accordingly, Ragghianti's Objections are due to be overruled.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Ragghianti Foundations III, LLC's Objections (Doc. # 86) to the Magistrate Judge's July 2, 2013, Order are **OVERRULED**.

(2) Judge Pizzo's Order (Doc. # 83) is **AFFIRMED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record