UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
for the use and benefit of
RAGGHIANTI FOUNDATIONS III, LLC,

    Plaintiff,

v.                      Case No. 8:12-cv-942-T-33MAP

PETER R. BROWN CONSTRUCTION,
INC., ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Ragghianti Foundations III, LLC's Motion to Strike Defendant Peter R. Brown's Post-Trial Brief (Doc. # 165), filed on April 28, 2014. Defendants Peter R. Brown Construction, Inc. (PRBC), Liberty Mutual Insurance Company, and Safeco Insurance Company of America filed a response in opposition to the Motion on April 30, 2014. (Doc. # 166). For the reasons stated below, this Court denies Ragghianti's Motion to Strike.

**I.    Background**

Ragghianti initiated this action against PRBC, Liberty Mutual, and Safeco Insurance on April 27, 2012. (Doc. # 1). In the complaint, Ragghianti alleges that although it "has

repeatedly demanded payment from [PRBC] for labor, material, and services provided pursuant to the [entities'] Subcontract," PRBC "has failed and refused to make payment in breach of the Subcontract." (Id. at ¶¶ 18-19). Ragghianti filed suit for nonpayment of its contract balance, damages due to its termination, claiming it was wrongful, and for costs of delay and acceleration of its work. (See Doc. # 1). Ragghianti also brought an alternative claim for its damages based on the cardinal change doctrine. (Id. at 8). Ragghianti further alleged a Miller Act breach of contract suit against PRBC and against Liberty Mutual and Safeco Insurance as co-sureties on the Miller Act bonds. (Id. at 7). Thereafter, Ragghianti filed an amended complaint on April 26, 2013. (Doc. # 59).

On May 10, 2013, PRBC filed a counterclaim against Ragghianti and American Safety Casualty Insurance Company.[1] (Doc. # 64). The counterclaim alleged Contractual Indemnification (Count I against both Ragghianti and American Safety) and Breach of Contract (Count II against Ragghianti).

---

[1] On February 19, 2014, PRBC and American Safety filed a Notice of Settlement and Joint Stipulation of Dismissal with Prejudice. (Doc. # 127). The Court dismissed PRBC's claims against American Safety with prejudice on February 20, 2014. (Doc. # 128).

(Id.). The parties filed cross motions for summary judgment (Doc. ## 95, 96), and the Court denied both motions on January 10, 2014 (Doc. # 114). The case was set for the February, 2014, trial term. Prior to trial, on February 23, 2014, Ragghianti filed a trial brief. (Doc. # 129). This Court held a bench trial in this case commencing on February 24, 2014, and concluding on March 4, 2014. On March 10, 2014, this Court entered an Order stating:

> ENDORSED ORDER: As stated by the Court at the conclusion of trial, the parties have until and including April 23, 2014, to submit their proposed findings of fact and conclusions of law. All other motions shall be filed by April 3, 2014.

(Doc. # 144).

On April 23, 2014, Ragghianti filed its proposed findings of fact and conclusions of law (Doc. # 161), and PRBC filed its post-trial brief and proposed findings of fact and conclusions of law (Doc. ## 162, 163). That same day, Liberty Mutual and Safeco Insurance filed a notice informing the Court that they adopt and incorporate the arguments, defenses, proposed findings, and conclusions set forth in the post-trial brief and proposed findings of fact and conclusions of law filed by PRBC. (Doc. # 164).

Thereafter, Ragghianti filed its Motion to Strike on April 28, 2014. (Doc. # 165). PRBC, Liberty Mutual, and Safeco filed a response in opposition to the Motion on April 30, 2014. (Doc. # 166). The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher

4

v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### III. Discussion

Upon review of the Motion, Ragghianti contends that PRBC's "Post-Trial Brief" should be stricken as (1) PRBC's "Post-Trial Brief" is untimely; (2) the "Post-Trial Brief" was improperly submitted to the Court's e-mail account; (3) if the Court construes the "Post-Trial Brief" as a legal memorandum, it is not a "very short legal memorandum" as required by the Court; and (4) the "Post-Trial Brief" is an "end run around the Court's prior rulings."

#### A. Timeliness of Post-Trial Brief

As correctly pointed out by Ragghianti, on April 17, 2013, this Court entered an Amended Case Management and Scheduling Order, which states in relevant part:

> Trial Briefs – Unless the Court specifically directs otherwise, Trial Briefs are not required in any civil case. If a party chooses to file a Trial Brief, such Trial Brief [may] be filed anytime, until and including the date of trial.

(Doc. # 57 at 10). Ragghianti filed its trial brief on February 23, 2014 (Doc. # 129), and PRBC did not file a trial brief within the deadline provided by the Court.

5

At the conclusion of trial, on March 4, 2014, the following exchange occurred between the parties and the Court:

> THE COURT: All right. Let's come up with a schedule that's good for everybody. Normally I'd say sometime between 30 and 60 days is when I would ask for the following: Proposed findings of fact, conclusions of law, and any memorandums that you'd like to submit. Normally the proposed findings of fact and conclusions of law is what I look for.
>
> If you'd like to submit an additional memorandum of law concerning that, that's fine, but it really is not necessary. It's the findings of fact, conclusions of law. That's what I'm going to utilize to fashion my order. So I hate to see you spend a lot of time on something that isn't that essential to me. However, you still need to follow the timelines with respect to any post-trial motions that you want to file. So I don't want this to be considered in any way an extension of time. This is just for the findings of fact, conclusions of law.
>
> * * *
>
> THE COURT: Okay. All right. Why don't I -- I don't know how long it will take to get the transcript. It depends on how -- what the schedule of the court reporter is.
>
> Miss Hayes, what would you -- when would you like to be able to submit this?

>   MS. HAYES[2]: Well, you know, I mean, I would say 40 days would be good. That should give us time.
>
>   THE COURT: Forty days from now?
>
>   MS. HAYES: Yes.
>
>   THE COURT: Okay. Why don't I say 45 days or so. Let's just see. This is March the 4th. So 30 days would be around April 4th. And you add two weeks, the 18th. I'm giving you a little bit of extra time there. How about April 23rd?
>
>   * * *
>
>   THE COURT: All right. Well, that's good. . . . So April 23rd. If that doesn't work or if after we recess you talk to the court reporter and it looks like you need a little bit more time, I'm completely flexible. So just ask for it. That's not a problem. Otherwise, we'll just say April 23rd, then.
>
>   MR. VENTO: And assuming that there's any very short legal memorandum on the contract documents or anything like that, if there is, that same time?
>
>   THE COURT: Absolutely. It would be that day as well, and you're free to submit that memorandum as well. I don't want to discourage you from submitting it. If there are legal issues that you think need to be briefed, by all means, do it. That's the opportunity to do it as well.

(Doc. # 152 at 108-11).

---

[2] The Court notes that Ms. Hayes is counsel for Ragghianti, and Mr. Vento is counsel for PRBC, Liberty Mutual, and Safeco Insurance.

7

Thereafter, on March 10, 2014, to settle any confusion on behalf of the parties, the Court entered the following order:

> ENDORSED ORDER: As stated by the Court at the conclusion of trial, the parties have until and including April 23, 2014, to submit their proposed findings of fact and conclusions of law. All other motions shall be filed by April 3, 2014.

(Doc. # 144).

On April 23, 2014, Ragghianti filed its proposed findings of fact and conclusions of law (Doc. # 161), and PRBC filed its post-trial brief and proposed findings of fact and conclusions of law (Doc. ## 162, 163).

To the extent Ragghianti contends PRBC's "Post-Trial Brief" is untimely, the Court disagrees. Upon review of the document, the "Post-Trial Brief" is a legal memorandum setting forth PRBC's position regarding the facts surrounding this case, evidence presented at trial, and the application of relevant legal authority. This type of memorandum was expressly provided for by this Court, and the deadline to provide such a memorandum was April 23, 2014, the same deadline for proposed findings of fact and conclusions of law.

PRBC's "Post-Trial Brief" is no different than the memorandum provided by Ragghianti in its proposed finding of fact and conclusions of law. (Doc. # 163). The only difference is that PRBC titled this document "Post-Trial Brief." This Court will thus construe the "Post-Trial Brief" as a legal memorandum in support of PRBC's proposed findings of fact and conclusions of law. To that end, the Court finds that PRBC complied with the instructions set forth on the United States District Court Middle District of Florida's website and correctly forwarded such submission to the chambers e-mail account.

### B. Length of Post-Trial Brief

Furthermore, the Court finds that PRBC's fifty-three page "Post-Trial Brief" is not too lengthy, as Ragghianti submits. See (Doc. # 165 at 2). During the conversation between the Court and the parties at the conclusion of the trial, the Court agreed to Mr. Vento's request of providing a legal memorandum, but this Court never set a page limitation. In fact, Mr. Vento - not this Court - used the language "very short legal memorandum":

> MR. VENTO: And assuming that there's any very short legal memorandum on the contract documents or anything like that, if there is, that same time?

> THE COURT: Absolutely. . . .

(Doc. # 152 at 11). As this Court never set a page limitation on the legal memorandum the parties were free to submit in support of their respective positions, this Court disagrees with Ragghianti's position on this matter.

**C. <u>Legal Sufficiency of Arguments Raised</u>**

In its Motion, Ragghianti also contends that PRBC's "Post-Trial Brief" is an "end run around the Court's prior rulings." (Doc. # 165 at 3). Specifically, "[PRBC] included pages of argument and reiteration of the release/indemnity issue that went from not worthy of pleading since May of 2012, to [PRBC's] keystone defense to [Ragghianti's] claim for damages after trial." (<u>Id.</u> at 2). Therefore, in the Motion, "in an abundance of caution, but without waiver and expressly reserving and restoring all of its objections, [Ragghianti] points out some of the arguments and evidence that it would have utilized to rebut PRBC's claims." (<u>Id.</u> at 4).

While the Court acknowledges Ragghianti's position, arguments regarding legal sufficiency are not proper for a motion to strike. At this juncture, the Court declines to address the legal sufficiency of the arguments set forth by either party in the plethora of documents filed, both pre-

trial and post-trial. This Court is fully capable of separating the wheat from the chaff in documents submitted to this Court, and it will do so at the appropriate time.

For the reasons stated above, this Court denies Ragghianti's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Ragghianti Foundations III, LLC's Motion to Strike Defendant Peter R. Brown's Post-Trial Brief (Doc. # 165) is **DENIED.**

(2) Defendants Peter R. Brown Construction, Inc., Liberty Mutual Insurance Company, and Safeco Insurance Company of America's Motion to Strike Ragghianti's "Motion to Strike Defendant's Post-Trial Brief" (Doc. # 166) is **DENIED as MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record