UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
for the use and benefit of
RAGGHIANTI FOUNDATIONS III, LLC,

    Plaintiff,

v.                                    Case No. 8:12-cv-942-T-33MAP

PETER R. BROWN CONSTRUCTION,
INC., ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Ragghianti Foundations III, LLC's Motion for Sanctions/to Strike for Failure to Supplement Discovery (Doc. # 156), filed on April 3, 2014. Defendant Peter R. Brown Construction, Inc. (PRBC) filed a response in opposition to the Motion on April 17, 2014. (Doc. # 160). For the reasons stated below, this Court denies Ragghianti's Motion.

**I.   Background**

Ragghianti initiated this action against PRBC, Liberty Mutual Insurance Company, and Safeco Insurance Company of America on April 27, 2012. (Doc. # 1). In the complaint, Ragghianti alleges that although it "has repeatedly demanded payment from [PRBC] for labor, material, and services

provided pursuant to the [entities'] Subcontract," PRBC "has failed and refused to make payment in breach of the Subcontract." (Id. at ¶¶ 18-19). Ragghianti filed suit for nonpayment of its contract balance, damages due to its termination, claiming it was wrongful, and for costs of delay and acceleration of its work. (See Doc. # 1). Ragghianti also brought an alternative claim for its damages based on the cardinal change doctrine. (Id. at 8). Ragghianti further alleged a Miller Act breach of contract suit against PRBC and against Liberty Mutual and Safeco Insurance as co-sureties on the Miller Act bonds. (Id. at 7). Thereafter, Ragghianti filed an amended complaint on April 26, 2013. (Doc. # 59).

On May 10, 2013, PRBC filed a counterclaim against Ragghianti and American Safety Casualty Insurance Company.[1] (Doc. # 64). The counterclaim alleged Contractual Indemnification (Count I against both Ragghianti and American Safety) and Breach of Contract (Count II against Ragghianti). (Id.). The parties filed cross motions for summary judgment (Doc. ## 95, 96), and the Court denied both motions on January

---

[1] On February 19, 2014, PRBC and American Safety filed a Notice of Settlement and Joint Stipulation of Dismissal with Prejudice. (Doc. # 127). The Court dismissed PRBC's claims against American Safety with prejudice on February 20, 2014. (Doc. # 128).

10, 2014 (Doc. # 114). This Court held a bench trial in this case commencing on February 24, 2014, and concluding on March 4, 2014.

Thereafter, Ragghianti filed the present Motion on April 3, 2014. (Doc. # 160). PRBC filed a response in opposition to the Motion on April 17, 2014. (Doc. # 160). The Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Analysis

In its Motion, Ragghianti contends that PRBC failed to comply with Fed. R. Civ. P. 26(e) as it failed to disclose the default of a subcontractor - Cantera Concrete - and matters relating thereto, including retention of a third concrete subcontractor – TTG Utilities, LLC (TTGU). (Doc. # 156 at 6). Furthermore, Ragghianti requests this Court strike evidence pertaining to PRBC's attorney's fees and to a defense that PRBC never pled – release. (Id. at 11).

### A. Failure to Comply with Fed. R. Civ. P. 26(e)

Fed. R. Civ. P. 26(e) provides as follows:

(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a) -- or who has responded to an interrogatory, request for production, or request

>for admission -- must supplement or correct its disclosure or response:
>
>(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
>(B) as ordered by the court.

Fed. R. Civ. P. 26(e).

In O'Donnell v. Georgia Osteopathic Hospital, 748 F.2d 1543, 1548 (11th Cir. 1984), the Eleventh Circuit summarized the duty to supplement as follows: "a party must amend a discovery answer if (1) she learns that her original answer is no longer true and (2) a failure to amend amounts to a knowing concealment."

In addition, Rule 37(c)(1), Fed. R. Civ. P., provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." See Fed. R. Civ. P. 37(c)(1).

According to Ragghianti PRBC failed to supplement discovery as required under Fed. R. Civ. P. 26(e).

4

Specifically, at trial, on re-cross-examination of PRBC's final witness, counsel for Ragghianti "learned that [PRBC] failed to supplement discovery requests that went directly to its own recoverable damages and tended to prove [Ragghianti's] claims and defenses." (Doc. # 156 at 6). This undisclosed discovery concerned PRBC's default of Cantera, its claims against Cantera, Cantera's claims against PRBC, reports and test results, and PRBC's retention of TTGU to complete the work for which it seeks damages against Ragghianti. (Id. at 13; see Doc. # 152 at 61). Ragghianti contends that this information is relevant evidence (a) which goes directly to PRBC's alleged damages, including PRBC's setoff against Ragghianti and (b) supports Ragghianti's position on a number of points related to PRBC's own fault and bad faith conduct toward Ragghianti. (Id. at 13-14).

PRBC contests Ragghianti's position. First, PRBC submits that the documents in question were created after the July 22, 2013, discovery deadline imposed by this Court in the Third Amended Case Management and Scheduling Order. (Doc. # 160 at 2-3; see Doc. # 85). Therefore, according to PRBC, its duty to supplement only arises when such newly created documentation renders prior productions incorrect or incomplete, which PRBC contends did not occur. (Id. at 4). To

5

that point, PRBC argues that the referenced documentation is simply not relevant to either Ragghianti's or PRBC's claims or damages, and thus is not responsive to Ragghianti's document requests. (Id. at 5). Namely, "Whether [PRBC] had to utilize another subcontractor to correct and repair some of Cantera's work is irrelevant to whether [Ragghianti] was in default of the subcontract [between Ragghianti and PRBC], and has no effect on the damage PRBC suffered as a result of having to retain Cantera to complete [Ragghianti's] scope." (Id.).

Furthermore, PRBC submits that it produced all of the formal contract notices PRBC sent to Cantera. (Id. at 6). "These notices show that on August 2, 2013, PRBC gave notice to Cantera of various deficiencies with its work and problems that needed to be corrected. As reflected in the Cantera notice letters . . ., PRBC never defaulted Cantera, but rather supplemented its work with TTGU." (Id.)(internal citations omitted). In addition, PRBC contends that it did produce or make available all the concrete test reports generated on the entire project. (Id.). In fact, Ragghianti was provided access to these documents during discovery through a website link that remained open past the discovery deadline. (Id. at 6-7). Finally, PRBC posits that some of the documents were

6

not produced as they did not contain the search terms the parties agreed upon in conducting electronic discovery. (Id. at 6-8).

In its Motion, Ragghianti cited to several of the interrogatories and requests to produce that it propounded upon PRBC in this action. (Doc. # 156 at 1-4). However, this Court notes that Ragghianti has failed to point to a specific interrogatory or request requiring disclosure of the documentation regarding Cantera and TTGU. Instead, Ragghianti has alleged generally that these documents "are within the scope of the interrogatories" and requests served upon PRBC. (Id. at 14).

As previously stated, the discovery deadline in this action was July 22, 2013. Therefore, PRBC had the obligation to supplement its discovery responses after that date if it learned its original answer was no longer true or the failure to amend would amount to a knowing concealment. See O'Donnell, 748 F.2d at 1548. Ragghianti has failed to adequately demonstrate that PRBC knew that the referenced documentation made its previous disclosures incomplete or incorrect or whether PRBC's "failure to amend amount[ed] to knowing concealment." Instead, Ragghianti makes a blanket allegation that "[PRBC] purposefully withheld this evidence, further

7

suggesting it is damning." (Id. at 18). This type of allegation is insufficient to warrant a finding that PRBC failed to supplement discovery requests.

Furthermore, as correctly stated by Ragghianti, "the docket in this matter is replete with [Ragghianti's] five motions to compel discovery." (Id. at 4). In these motions, and the responses thereto, the parties acknowledge that in an attempt to resolve Ragghianti's motion to compel PRBC's electronic discovery, they stipulated to PRBC's application of search terms to the PRBC-Atkins servers. According to Ragghianti's present Motion, the search terms included "Cantera" and "capillary stone," but PRBC did not produce records to supplement discovery responses that showed Cantera never performed its action plan or that it was bid upon and performed by TTGU. (Id.).

However, Ragghianti has not alleged how PRBC failed to comply with the agreed search terms. Indeed, PRBC submits that it confirmed that the relevant documentation was part of the "raw data collection," but as the documents did not contain any term in either "Base Term 1" or "Base Term 2" that were used in the initial search of the raw e-mail data, these documents were not uncovered. (Doc. # 160 at 8). As PRBC has demonstrated that it utilized the search terms agreed

upon by the parties, and Ragghianti has failed to rebut that contention, the Court finds that sanctions due to a technological oversight, beyond the control of PRBC, are unwarranted. For the reasons stated above, the Court declines to impose sanctions against PRBC.

### B. Motion to Strike

Ragghianti requests an Order striking DX-70 and DX-81 as this evidence is "irrelevant" and striking PRBC's testimony regarding it attorney's fees. (Doc. # 156 at 11).

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may

9

confuse the issues, or otherwise prejudice a party." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

1. **DX-70 and DX-81**

During trial, PRBC sought to introduce DX-70 and DX-81, which this Court received into evidence. According to Ragghianti, PRBC, through DX-70 and DX-81, "sought to introduce evidence of releases which is irrelevant to [PRBC's] claims" as stated in this Court's Order on the parties' cross-motions for summary judgment. (Doc. # 156 at 11). Ragghianti refers specifically to this Court's ruling that PRBC's answer failed to allege release as an affirmative defense and that it was too late for PRBC to assert release at the motion for summary judgment stage. (<u>See</u> Doc. # 114 at 28).

However, according to PRBC, DX-70 and DX-81 "contain language, aside from the release provisions, that [is] relevant to PRBC's defenses to [Ragghianti's] claims." (Doc. # 160 at 10). PRBC provides that:

> DX81 are the pay applications submitted by [Ragghianti], which must be included in evidence and are obviously relevant. DX70 also contains representations by JDI that there are no outstanding claims as of December 15, 2011, a statement that this Court could use to question the

10

> credibility of James Barlow's testimony at trial seeking claims for events that pre-date December 15, 2011.

(Id.). Ragghianti contends that this interpretation of DX-70 and DX-81 was also not pled and is unsupported by the evidence and, had it been at issue, would have been addressed accordingly. (Doc. # 156 at 20).

As previously stated, motions to strike are considered "drastic" and are disfavored by this Court. While the Court acknowledges Ragghianti's position regarding DX-70 and DX-81, the Court declines to strike this evidence from the record. After carefully reviewing each document received into evidence, the Court, not the parties, will determine the relevancy and applicability of each piece of evidence to the plethora of issues before the Court.

### 2. Attorney's Fees

Ragghianti seeks to strike the testimony of Ernest Edgar regarding the $580,000 in legal fees that PRBC incurred as of December of 2013. (Doc. # 156 at 11). According to Ragghianti its interrogatories sought an "itemization of asserted damages and [PRBC's] reliance on the Subcontract terms that permit it to cause [Ragghianti] to indemnify it for its legal fees and costs. . . ." (Id.). However, PRBC never listed these

attorney's fees as damages in its interrogatory answers or produced records to support these fees as requested in Ragghianti's request to produce. (Id.). In fact, Ragghianti posits that PRBC "sprang" its proof of attorney's fees and costs leaving Ragghianti with no notice that PRBC would present this proof at trial and therefore was not prepared to address it. (Id.).

In response, however, PRBC submits that Ragghianti has provided no justifiable basis to exclude the testimony. (Doc. # 160 at 10). PRBC contends that Edgar is qualified, general counsel and provided testimony on the amount of fees paid to date, the hourly rate and the reasonableness of those fees based on his experience in procuring legal services in the Tampa, Florida market. (Id. at 15).

According to the parties' Amended Joint Final Pretrial Statement, specifically under the section "A Concise Statement of Issues of Law to Be Determined by the Court," PRBC provided the following legal issue: "Whether PRBC is entitled to recover its attorneys' fees and costs under the Subcontract, the ASCIC bond or Texas law." (Doc. # 111 at 13). Therefore, the Court finds that Ragghianti did in fact have notice prior to trial that PRBC may present evidence on this issue at trial.

12

Furthermore, Ragghianti listed Edgar as one of its own witnesses, and even called him to testify. (See Doc. # 110-4). In its witness list, PRBC explicitly indicated that it reserved the right to call "All witnesses listed by other parties." (Doc. # 110-5). Therefore, the Court finds that Ragghianti cannot now claim that it was blindsided that PRBC would elicit testimony from Edgar.

From the record before the Court and the testimony presented at trial, the Court finds that striking the testimony pertaining to PRBC's attorney's fees is unwarranted. Ragghianti had notice that this issue may arise at trial, and should have prepared accordingly. For the reasons stated above, this Court denies Ragghianti's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Ragghianti Foundations III, LLC's Motion for Sanctions/to Strike for Failure to Supplement Discovery (Doc. # 156) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record